**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **RICHARD KEITH DAVIS, 06094877,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:12-CV-2175-B** |
| | ) | |
| **JUDGE TOM FULLER, ET AL.,** | ) | |
| **Defendants.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas.  The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I.      FACTUAL BACKGROUND**

Plaintiff filed this suit for violation of his civil rights under 42 U.S.C. § 1983.  He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are Judge Tom Fuller, Dallas County Sheriff Lupe Valdez, and Dallas County Jail employees Officer Alonzo and John Does.

Plaintiff's allegations are unclear.  He states his parole was unlawfully revoked in 1983 to 1985.  (Magistrate Judge's Questionnaire, Answer No. 2.)  He also states he was held in jail four additional days after a burglary charge was dismissed in April, 2007.  (*Id*. at 5.)  He states the John Doe employees of the Dallas County Jail "give 1 shot went I fore to give 3 shot." (*Id*. at 1C.)  Finally, he appears to argue that his parole should not have been revoked because he was not the same Keith Davis who committed the offense.

**Findings, Conclusions and Recommendation
 of the United States Magistrate Judge**      Page 1

## II.  DISCUSSION

**1.  Screening**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*" Ashcroft v. Iqbal*, 556 U.S. 162, 129 S.Ct. 1937, 1949 (2009).  While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions.  *Twombly*, 550 U.S. at 555.

**2.        Statute of Limitations**

A civil rights action under 42 U.S.C. § 1983 is governed by a two-year statute of limitations.  *See Owens v. Okure,* 488 U.S. 235, 250 (1989) (stating federal court should look to general personal injury limitations period of forum state); *Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990) (finding limitations period in Texas is two years).  Under federal law, a "cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

In this case, Plaintiff's claims arise from a parole revocation that occurred in "1983-

1985" and incidents that occurred at the Dallas County Jail in 2007.  Plaintiff knew or had reason

to know of his claims in 1983-1985 and in 2007.  Plaintiff did not file this complaint until July 9,

2012.  The complaint is therefore barred by the statute of limitations.

## RECOMMENDATION

The Court recommends that Plaintiff's complaint filed pursuant to 42 U.S.C. § 1983 be

dismissed with prejudice as barred by limitations.

Signed this 3rd  day of October, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).